UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAN WITCHARD,**

      **Petitioner,**

vs.                                              **CASE NO. 8:12-cv-1888T-27TBM**
                                                   **CRIM. CASE NO. 8:09-cr-365-T-27TBM**

**UNITED STATES OF AMERICA,**

      **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and the Government's Response (CV Dkt. 6).[1] Upon review, Petitioner's motion is DENIED.

### Procedural Background

On May 11, 2011, Petitioner pleaded guilty without a written plea agreement to being a felon in possession of both a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On August 24, 2011, Petitioner was sentenced as an armed career criminal under U.S.S.G. § 4B1.4 to one hundred eighty (180) months imprisonment to be followed by five years of supervised release. (CR Dkt. 55). Petitioner did not appeal his conviction or sentence.

Petitioner signed his Section 2255 motion on August 16, 2012. (CV Dkt. 1). The Government does not challenge the motion's timeliness. Petitioner presents one ground for relief:

    **Ground One:**    Trial counsel rendered ineffective assistance by "fail[ing] to properly litigate and object to [Petitioner]'s classification as an armed career

---

[1] Although afforded the opportunity, Petitioner did not file a reply to the Government's response.

criminal based on non-qualifying offenses" (CV Dkt. 2, p. 8)

### Standard of Review for Ineffective Assistance of Counsel

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting

2

aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91. Petitioner cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

## Discussion

A defendant who violates 18 U.S.C. § 922(g) and has previously been convicted of three or

more drug trafficking crimes or crimes of violence committed on occasions different from one another is subject to a minimum mandatory prison sentence of fifteen years as an armed career criminal. 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. It is undisputed that Petitioner has three prior convictions for burglary under § 810.02(1), Florida Statutes, and that these three burglaries were used to designate Petitioner as an armed career criminal and enhance his sentence in his underlying federal criminal case. Petitioner's presentence investigation report ("PSR") shows that the probation officer relied upon the following prior burglary convictions[2] to justify a sentencing enhancement under the Armed Career Criminal Act ("ACCA"):

a) Burglary of a Dwelling, Pinellas County Circuit Court, Case No. CRC90-10351CFANO, a violent felony offense, sentenced on March 11, 1991 (Court records reflect that on June 18, 1990, the defendant unlawfully entered the victim's apartment and grabbed the victim's breast after she told him to leave. The victim then threw ammonia in the defendant's eyes and he left the area.),[3]

b) Burglary, Pinellas County Circuit Court, Case No. CRC90-19489CFANO, a violent felony offense, sentenced on March 11, 1991 (Court records reflect that on December 5, 1990, the defendant broke into a storage building and stole merchandise valued at $650, including meat, potatoes, and laundry detergent),[4] and

c) Burglary, Pinellas County Circuit Court, Case No. CRC05-18803CFANO, a violent felony offense, sentenced on January 18, 2007 (Court records reflect that on January 24, 2005, the defendant broke into a vacant house and stole a refrigerator which he later sold to another individual.)[5]

---

[2] The indictment and the PSR show that Petitioner has, in addition to the three burglary convictions used for application of the ACCA enhancement, multiple other prior convictions, including other burglaries. (CR Dkt. 1, pp. 1-2; PSR ¶¶ 37-70).

[3] Petitioner entered a *nolo contendere* plea in this case.

[4] Petitioner pleaded guilty in this case.

[5] Petitioner pleaded guilty in this case.

(PSR, p. 7, ¶¶29, 41, 42, 62). Petitioner contests whether each of the three burglary convictions used for application of the ACCA constitutes a "violent felony."

The ACCA defines a "violent felony" as:

[A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that - -

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B)(I), (ii). The parties do not dispute that the three burglary convictions were punishable by a term of imprisonment exceeding one year. Under 18 U.S.C. § 924(e)(2)(B), each of the three burglary convictions will be considered a "violent felony" if (1) the Florida burglary statute "has as an element the use, attempted use, or threatened use of physical force against the person of another" within the meaning of § 924(e)(2)(B)(I); (2) a conviction under the Florida burglary statute is a "burglary" within the meaning of § 924(e)(2)(B)(ii); or (3) a conviction under the Florida burglary statute is an offense "that presents a serious potential risk of physical injury to another" within the meaning of the residual clause of § 924(e)(2)(B)(ii).

Florida law defines burglary as follows:

> (1)(a) For offenses committed on or before July 1, 2001, "burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
>
> (b) For offenses committed after July 1, 2001, "burglary" means:

5

> 1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter; or
>
> 2. Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:
>
>> a. Surreptitiously, with the intent to commit an offense therein;
>>
>> b. After permission to remain therein has been withdrawn, with the intent to commit an offense therein; or
>>
>> c. To commit or attempt to commit a forcible felony, as defined in s. 776.08.

Fla. Stat. § 810.02.(1)(b). Petitioner acknowledges that he has three prior convictions for burglary under § 810.02(1), Florida Statutes, but "contends that one or two of his prior convictions [for burglary of a conveyance and burglary of a dwelling] are [']non-generic['] and fall outside of the ACCA prerequisites." (CV Dkt. 2, p. 9).

In *Taylor v. United States*, 495 U.S. 575, 599 (1990), the Supreme Court concluded "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor* prescribes the methodology for determining whether a prior conviction qualifies as a "burglary" under the ACCA. Specifically, *Taylor* requires that a sentencing court use a "formal categorical approach" which examines only the elements of the prior conviction, not the particular facts underlying that conviction. *Taylor*, 495 U.S. at 600, 602. *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2283 (2013), summarizes this approach as follows:

> If the relevant statute has the same elements as the "generic" ACCA crime, then the prior conviction can serve as an ACCA predicate; so too, if the statute defines the crime more narrowly, because anyone convicted under that law is

"necessarily . . . guilty of all the [generic crime's] elements." But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key, we emphasized, is elements, not facts. So, for example, we held that a defendant can receive an ACCA enhancement for burglary only if he was convicted of a crime having "the basic elements" of generic burglary - i.e., "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."

A sentencing court may utilize a "modified categorical approach" when a prior conviction involves a "divisible statute," i.e., a statute that includes multiple, alternative versions of the crime. *Id.* at 2284. When such a statute is involved, the sentencing court may consult "a limited class of documents to determine which of the statute's alternative elements formed the basis of the defendant's prior conviction." *Id.* at 2284. After making this determination, the sentencing "court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.* at 2281.

The Florida burglary statute is a divisible statute both as to the type of area burglarized (e.g., "structure," "conveyance," or "dwelling"), and as to whether the offense falls under the "unlawful entry" portion or the "remaining in" portion of the statute. *See* Fla. Stat. § 810.02. *See also United States v. Weeks*, 711 F.3d 1255, 1262 (11th Cir. 2013) ("The Supreme Court has adopted the generic meaning of 'burglary' for purposes of the ACCA, holding that a burglary conviction satisfies the enumerated-offenses clause if it includes 'the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'") (quoting *Taylor*, 495 U.S. at 599). "Although Florida's burglary statute facially encompasses both generic and non-generic burglaries, a conviction under the statute can still qualify as a generic burglary if the charging

documents or other *Shepard*-approved[6] sources show that the offense involved unlawful entry into a building or structure." *Weeks*, 711 F.3d at 1262. "For a guilty plea under a non-generic burglary statute, this determination is generally limited to the terms of the charging document, jury instructions, a bench-trial judge's findings of fact, plea agreement, transcript of the plea colloquy, or other comparable judicial records." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (citations omitted).

Petitioner argues that his conviction in case number CRC90-19489 is not a predicate offense for application of the ACCA sentence enhancement "because the act of burglary of a conveyance is not a generic burglary [and] . . . is not a violent felony offense." (CV Dkt. 2, p. 10). Petitioner further argues that his conviction in case number CRC90-10351 is not a qualifying predicate offense "because of the ambiguity in the statutory definition" of "dwelling." (CV Dkt. 2, pp. 10-11). Petitioner contends that his counsel rendered ineffective assistance by not objecting to the use of these two prior burglary convictions as predicate convictions for application of the ACCA enhancement in his case.

<u>Conviction in case number CRC90-19489</u>

Petitioner argues that, under Florida law, his conviction in case number CRC90-19489 was a burglary of a "conveyance," which does not qualify as a generic burglary for application of the ACCA. *See United States v. Moody*, 216 Fed. App'x 952, 953 (11th Cir. 2007) ("[B]urglary of a conveyance is not a 'generic' burglary as defined by *Taylor*."). Florida law defines a "conveyance" as "any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car." Fla. Stat.

---

[6] *See Shepard v. United States*, 544 U.S. 544 U.S. 14, 15 (2005) (reviewing mandatory sentencing enhancement under the Armed Career Criminal Act and clarifying what documents a court can review in determining the nature of a prior burglary).

8

§ 810.011(3). Florida law defines a "structure" as "a building of any kind, either temporary or permanent, which has roof over it, together with the curtilage thereof." Fla. Stat. § 810.011(1).

The PSR indicates that in case number CRC90-19489 Petitioner pleaded guilty to breaking into a storage building and stealing merchandise.[7] Contrary to Petitioner's contention, a storage building is not a conveyance. *See* Fla. Stat. § 810.011(3). Trial counsel had no basis to challenge the inclusion of this burglary conviction as a predicate offense for application of the ACCA sentence enhancement as Petitioner suggests.[8] Petitioner presents no evidence to substantiate either his

---

[7] The record does not include the state court documents relied upon by the probation officer to conclude that each of the three burglaries qualify as a "violent felony" under the ACCA. For a guilty plea under a non-generic burglary statute like Florida's, the determination of whether a prior conviction constitutes a burglary under § 924(e) is generally limited to the charging document, a bench trial judge's findings of fact, a plea agreement, a transcript of the plea colloquy, or other comparable judicial records. *Bennett*, 472 F.3d at 832 (citing *Shepard*, 544 U.S. at 20-21). A sentencing court's findings of fact may be based on undisputed statements in a PSR. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). Because Petitioner did not object to the underlying facts of his prior convictions as set forth in the PSR despite having had the opportunity to do so, *see* addendum to PSR, (stating that "[t]he defendant has no objections to the presentence report or the application of the guidelines"), he is deemed to have admitted those facts. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (stating that "[i]t is the law of this circuit that a failure to object to allegations of fact in a PS[R] admits those facts for sentencing purposes"). Consequently, the sentencing court could rely upon the undisputed facts in Petitioner's PSR to determine that his prior burglary convictions were violent felonies under the ACCA and, therefore, that he was an armed career criminal. *Bennett*, 472 F.3d at 834.

[8] Counsel avers in his unrebutted affidavit:

Undersigned counsel would note that on or about June 17, 2010, the Government provided discovery, including copies of the Informations and copies of the Judgments for [Petitioner]'s prior burglary cases. Undersigned counsel maintains that [Petitioner]'s suggestion that undersigned counsel failed to investigate and present evidence concerning his priors is refuted by [attached copies of counsel's contemporaneous notes]. Moreover, undersigned counsel maintains that the state of the law was quite clear that burglary of a structure - the burglary in CRC90-19489CFANO - was of a storage building which was part of a nursing home . . . was a crime of violence pursuant to Title 18, United States Code, Section 924(e).[FN1, 2]

> [FN1] *See United States v. Day*, 465 F.3d 1262 (11th Cir. 2006) (Reversed and remanded because the charging instrument charged a 2nd degree burglary and the judgment showed a conviction for a 3rd degree [burglary] thereby leaving the question open as to the nature of the place which was burglarized). Because [Petitioner]'s charging instrument showed the place burglarized was a structure and it matched the judgment, undersigned counsel believed *Day* was distinguishable and therefore did not object to the use of the conviction [in] CRC90-19489CFANO.
>
> [FN2] *See also United States v. Rainer*, 616 F.3d 1212 (11th Cir. 2010).

(continued...)

9

allegation to the contrary or his assertion that his conviction in case number CRC90-19489 does not qualify as a violent felony under the ACCA.[9] Petitioner cannot prevail on this claim of ineffective assistance of counsel because he demonstrates neither deficient performance by counsel nor resulting prejudice. *See Strickland v. Washington*, 466 U.S. at 691-92.

<u>Conviction in case number CRC90-10351</u>

In his second argument Petitioner contends that his conviction in case number CRC90-10351 is not a qualifying predicate offense "because of the ambiguity in the statutory definition" of "dwelling." The presentence investigation report indicates that Petitioner entered a *nolo contendere* plea to unlawfully entering the victim's apartment and grabbing the victim's breast after she told him to leave. (PSR ¶41, p. 10). Petitioner argues that trial counsel "failed to articulate that 'dwelling' means 'a building or conveyance or any kind,'" which "makes a dwelling under Florida's law non-generic." (CV Dkt. 2, pp. 10-11). Petitioner claims that "[t]he statutory definition of

---

[8](...continued)
(CV Dkt. 6, affidavit of Stephen U. Baer, Esq., p. 3).

[9] Counsel avers in his affidavit that he reviewed discovery documents with Petitioner and that Petitioner understood that he had three qualifying burglary convictions for application of the ACCA:

> [U]ndersigned counsel reviewed relevant constitutional issues, the relevant statutes, and the relevant guidelines with [Petitioner]. Based on the joint review of the discovery, which included copies of *Shepard* documents, [Petitioner] understood that he had three qualifying burglary convictions which meant that the enhancement provided by Title 18, United States Code, Section 924(e), the Armed Career Criminal Act, was applicable to him. On April 13, 2011, [Petitioner] signed a statement that he wanted undersigned counsel to seek a sentence of 15 years by arguing for a downward departure/downward variance pursuant to diminished capacity.
>
> On or about June 14, 2011, undersigned counsel received a letter from [Petitioner] which led counsel to meeting with [Petitioner] on June 21, 2011. After undersigned counsel discussed the contents of [Petitioner]'s letter, [Petitioner] again advised that his best case scenario was a sentence of 180 months. [Petitioner] initialed notes that he wanted to "go for" a sentence of 180 months.

(CV Dkt. 6, affidavit of Stephen U. Baer, Esq., p. 2). Petitioner does not dispute counsel's statement that he reviewed discovery with Petitioner and that Petitioner knew he qualified as an armed career criminal based upon his prior convictions.

10

[']dwelling['] under Florida law is ambiguous on its face," and that "since the statutory definition of [']dwelling['] could mean a building or conveyance, it falls in the realm of ambiguity and outside of the threshold of a generic burglary, [t]hereby not qualifying" as a predicate offense for application of the ACCA.

Florida law defines a "dwelling" as "a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof." Fla. Stat. § 810.011(2). As indicated in the PSR, state court documents establish that Petitioner entered a plea to having entered a victim's apartment, a fact Petitioner does not contest. As discussed *supra*, Florida law defines a "conveyance" as "any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car." Fla. Stat. § 810.011(3). Under Florida law, an apartment qualifies as a "building" not a "conveyance." Fla. Stat. § 810.011(2). *See, e.g., Rainey v. United States*, 2006 WL 889787 at *5 (M.D. Fla. Apr. 3, 2006).[10]

The Supreme Court has defined a "generic" burglary as an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S.

---

[10] In *Rainey*, a Section 2255 motion to vacate factually similar to Petitioner's, the district court rejected Rainey's argument that his counsel rendered ineffective assistance by not challenging Rainey's prior convictions for burglary of an apartment:

> The record in this case shows that Rainey's counsel exercised sound judgment at Rainey's sentencing hearing by refraining from challenging Rainey's prior burglary convictions as bases for his sentencing pursuant to the ACCA because Rainey's counsel had no basis to assert such a challenge. The undisputed facts set forth in the PSR (which Rainey does not dispute in his section 2255 motion) described how Rainey had burglarized two different apartments on separate occasions, each time stealing personal items from those apartments. . . . Neither burglary involved a "conveyance" or theft from anywhere other than a structure. Moreover, the descriptions of the burglaries set forth in the PSR were consistent with Rainey's arrest reports, which detailed Rainey's burglary of the two apartments. . . . Rainey never has disputed these accounts and, even in his section 2255 motion, he does not contend that he actually burglarized "conveyances" rather than "structures."

at 599. Florida law provides that a person commits the crime of burglary by "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein." Fla. Stat. § 801.02(1)(a). Petitioner's burglary conviction in case number CRC90-10351 may be counted for a § 924(e) enhancement because the burglary, on its facts[11] (i.e., an unlawful or unprivileged entry into the victim's apartment), qualifies as a generic burglary.[12] *See Taylor*, 495 U.S. at 599-600. Petitioner's contrary argument therefore fails. Because the record establishes that Petitioner's counsel had no basis to assert that the burglary in CRC90-10351 was not a generic burglary, *see Taylor*, counsel did not err by not arguing that this burglary was not a violent felony under the ACCA. Petitioner cannot prevail on this claim of ineffective assistance of counsel because he demonstrates neither deficient performance nor resulting prejudice. *See Strickland v. Washington*, 466 U.S. at 691-92.[13]

---

[11] Petitioner did not file any objections to the PSR nor did he dispute at sentencing the facts underlying each of his prior convictions as stated in the PSR. He likewise does not dispute those facts in his Section 2255 motion nor does he contend that the apartment in CRC90-10351 was not a "building" or "structure." *See Taylor*, 495 U.S. at 599.

[12] Counsel in his affidavit evinces his understanding of this principle:

[U]ndersigned counsel maintains that [Petitioner]'s suggestion that his conviction for 2nd degree burglary of a dwelling in CRC90-10351CFANO is not a crime of violence for Armed Career Criminal Act purposes is meritless in light of the U.S. Supreme Court's language in *Taylor v. United States*, 495 U.S. 575 (1990).

(CV Dkt. 6, affidavit of Stephen U. Baer, Esq., p. 3).

[13] Petitioner in his memorandum of law states:

Although [Petitioner] attempted to have his counsel raise his claim [that two of his prior burglary convictions did not qualify as "violent felonies" for application of the ACCA enhancement] on direct appeal, counsel failed to do so. However, that does not procedurally bar Movant from raising [the claim] here. *See Massaro v United States*, 538 U.S. 500, 123 S. Ct. 1690 (2003); *United States v. Gordon*, 346 F.3d 135, 136-37 (5th Cir. 2003).

(CV Dkt. 2, p. 4).
As the Government points out, Petitioner "does not make an issue" of this statement (CV Dkt. 6, p. 8). Read in the context of Petitioner's entire motion, this statement does not appear to be a separate substantive claim for federal
(continued...)

## EVIDENTIARY HEARING

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.

---

[13](...continued)
relief asserting ineffective assistance of counsel for failing to file a notice of appeal. *See Clisby v. Jones*, 960 F. 2d 925 (11th Cir. 1992). Both of the cases Petitioner cites in support of his statement address the propriety of a Section 2255 motion (rather than a direct appeal) to address a claim of ineffective assistance of counsel. *Massaro*, 538 U.S. at 500 ("An ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); *Gordon*, 346 F.3d at 136-37 ("The Supreme Court recently has emphasized that a § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel.") (citing *Massaro*, 538 U.S. at 500). Neither case deals with a claim of ineffective assistance of counsel for failing to file a notice of appeal and Petitioner's motion includes no indication that he cites those cases in support of such a claim. Accordingly, the court does not construe Petitioner's statement as alleging a separate claim of ineffective assistance of counsel.

Notwithstanding, even if the court were to construe the statement as such, Petitioner would not be entitled to relief. "A lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner." *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). To evaluate a claim of ineffective assistance of counsel based upon counsel's failure to file a notice of appeal on a petitioner's behalf, a reviewing court must first establish whether the petitioner specifically requested counsel to file a notice of appeal. Here, Petitioner's vague and unsupported statement does not demonstrate that he requested counsel to file an appeal. Counsel in his unrebutted affidavit avers that, after sentencing, he consulted with Petitioner about an appeal and Petitioner decided that he did not want to appeal. Counsel's averment is supported by a case-closing letter from counsel to Petitioner which states that Petitioner has "indicated that [he] do[es] not wish to appeal [his] sentence and [counsel] agree[s] with [Petitioner's] decision." (CV Dkt. 6, affidavit of Stephen U. Baer, Esq., pp. 3-4). Although afforded the opportunity, Petitioner did not file a subsequent reply or affidavit disputing counsel's sworn statements and Petitioner does not otherwise refute counsel's contention that Petitioner did not want to appeal. Consequently, Petitioner cannot establish that counsel's failure to file a notice of appeal falls under the *per se* definition of ineffective assistance of counsel announced in *Flores-Ortega*. *See Flores-Ortega*, 528 U.S. at 477. Petitioner's vague allegation demonstrates neither deficient performance nor resulting prejudice. *See Strickland*, 466 U.S. at 687, 694.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in chambers this 23rd day of December, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record